IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02659-BNB

JAMES M. ROBINSON,

        Applicant,

vs.

VALERIE ESTRADA (Denver County Probation Officer), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

        Respondents.

_____

ORDER
_____

        Applicant, James M. Robinson, acting *pro se*, initiated this action on October 9,

2012, by filing a Petition for Writ of Habeas Corpus, ECF No. 1.  Magistrate Judge Boyd

N. Boland reviewed the Petition and entered an order on October 10, 2012, instructing

Applicant to submit his claims on a Court-approved form used in filing 28 U.S.C. § 2254

applications.  Subsequently, on November 9, 2012, Applicant filed his claims on a

proper form, ECF No. 5, challenging his conviction for public indecency.  Magistrate

Judge Boland instructed Respondents to file a Pre-Answer Response limited to

addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or

exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).

        On November 30, 2012, Respondent Attorney General filed a Pre-Answer

Response and stated the State of Colorado has no interest in this proceeding because

Applicant is not incarcerated at a state correctional facility and has not violated any

provision of the Colorado Criminal Code, Title 18 of the Colorado Revised Statutes. Subsequently, the Denver City Attorney submitted a Pre-Answer Response on behalf of Valerie Estrada, Applicant's probation officer.  Applicant filed a Reply on January 14, 2013.

Applicant asserts he was convicted of public indecency in a court trial on March 9, 2010, in Denver Municipal Case No. 09GS035934, and sentenced to 120 days of suspended jail time and two years of probation.  Application at 2.  He further asserts that his conviction and sentence were affirmed on direct appeal on March 28, 2011; his petition for certiorari review was denied on September 12, 2011; and his petition for rehearing was denied on October 6, 2011.  *Id.* at 3.  Applicant also states that he filed a postconviction motion pursuant to Rule 235 of the Colorado Municipal Court Rules of Procedure on January 4, 2012.  As a result of the postconviction motion, Applicant's probation was reduced to one year for good behavior and the sobriety testing requirement was removed.  Pre-Answer Resp., ECF No. 14-4, Ex. D at 25-26. Applicant further states he appealed the county court's decision regarding his postconviction motion on February 21, 2012, and the appeal is pending.  Application at 4.  Applicant asserts ten claims in this action, including:

> (1) Failure to prove charges beyond a reasonable doubt;
>
> (2) Alleged misconduct did not meet the definition of the charged offense;
>
> (3) Improper assignment to a sex offender treatment facility;
>
> (4) Right of appeal abridged;

(5) Sentence fully served;

(6) Improper rescinding of stay by county court;

(7) Section 14-61 of Denver Municipal Code is unconstitutional;

(8) Section 1-13 of the Denver Municipal Code is unconstitutional;

(9) Jail sentence is excessive and discriminatory; and

(10) No probable cause for summons and complaint.

*Id.* at 7-13.

As a preliminary matter, Respondent Estrada argues that Applicant may not challenge his municipal conviction because he no longer is in custody and was not in custody when he filed the § 2254 Application. In addition to Applicant's overview of the procedural history of his state court proceedings, the Court finds that along with his postconviction motion Applicant petitioned the trial court for a stay of probation, which the trial court denied on February 2, 2012, and ordered applicant to begin his one-year modified probation, which included a psychosexual evaluation. Pre-Answer Resp., Ex. D. Applicant appealed to the district court for a reinstatement of a stay of his probation, which the district court denied on May 30, 2012. *Id.*, ECF No. 14-5, Ex. E. On November 15, 2012, twenty days of jail time was imposed and at the same time the one-year probation was terminated and the case was closed. *Id.*, ECF No. 14-8, Ex. H at 2-3.

Pursuant to § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of Treaties of the United States."  An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng v. Cook*, 490 U.S. at  490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)).  Relief generally is unavailable through a writ of habeas corpus when an applicant seeks to challenge a prior conviction for which the person no longer is in custody.  *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

The custody requirement extends beyond physical custody to encompass **severe restraints** on an individual's liberty imposed because of the individual's criminal conviction, which are not shared by the public generally.  *See e.g. Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (finding that convict released on his own recognizance pending execution of his sentence is in custody because he is obligated to appear at times and places ordered by the court) (emphasis added); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that parolee was in custody under his unexpired sentence because his release from physical confinement was conditioned on his reporting regularly to parole officer, remaining in a particular community, residence and job, and refraining from certain activities); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992).

Once the sentence imposed for a conviction has expired, however, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

If a prisoner is released from custody while the petition is pending, the court's jurisdiction depends upon the existence of "collateral consequences [of the challenged conviction] adequate to meet Article III's injury-in-fact requirement." *Spencer v. Kemna,* 523 U.S. 1, 14 (1998); *see, e.g., Carafas v. LaVallee,* 391 U.S. 234, 237-38 (1968) (holding that the defendant's inability to engage in certain businesses, serve in particular offices, vote, and serve as a juror due to his conviction defeated the mootness challenge to his appeal).

Exhibit H, which is attached to the Pre-Answer Response, states that Applicant was subject to supervised probation from February 2, 2012, until November 15, 2012. The conditions of Applicant's probation included: (1) No further violations;  (2) psychosexual evaluation; (3) notice of change of address; and (4) treatment as recommended by probation officer.  Ex. H.  The Court finds that restraints placed on Applicant's liberty were sufficiently severe to constitute custody.  Applicant, therefore, was in custody at the time he filed this action.

Respondent Estrada and Applicant agree that Applicant now has completed his sentence in Denver Municipal Case No. 09GS035934.  *See* Pre-Answer Resp. a 3; Reply at 4.  Applicant, however, argues in an attempt to show collateral consequences that state sex offender statutes provide harsher penalties when there are previous

convictions for a similar offense and that it is difficult to obtain employment when an individual has been convicted of a sexually related offense.  Respondent Estrada has not addressed the collateral consequences that Applicant has asserted.  Respondent, therefore, will be directed to brief whether Applicant's alleged collateral consequences are adequate to meet the Article III injury-in-fact requirement.  Accordingly, it is

ORDERED that Respondent Estrada brief the collateral consequences issue as set forth above within **twenty-one** days of the date of this Order.  It is

FURTHER ORDERED that if Applicant desires he may respond to Respondent Estrada's briefing within **twenty-one** days from the date Respondent Estrada submits a brief to this Court.

DATED February 21, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

6