IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02659-BNB

JAMES M. ROBINSON,

      Applicant,

vs.

VALERIE ESTRADA (Denver County Probation Officer), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER

---

Applicant James M. Robinson, acting *pro se*, initiated this action on October 9, 2012, by filing a Petition for Writ of Habeas Corpus, ECF No. 1.  Magistrate Judge Boyd N. Boland reviewed the Petition and entered an order on October 10, 2012, instructing Applicant to submit his claims on a Court-approved form used in filing 28 U.S.C. § 2254 applications.  Subsequently, on November 9, 2012, Applicant filed his claims on a proper form, ECF No. 5, challenging his conviction for public indecency.  Magistrate Judge Boland instructed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).

On November 30, 2012, Respondent Attorney General filed a Pre-Answer Response and stated the State of Colorado has no interest in this proceeding, because Applicant is not incarcerated at a state correctional facility and has not violated any

provision of the Colorado Criminal Code, Title 18 of the Colorado Revised Statutes. Subsequently, the Denver City Attorney submitted a Pre-Answer Response, on behalf of Valerie Estrada, Applicant's probation officer.  Applicant filed a Reply on January 14, 2013.

Applicant asserts he was convicted of public indecency in a court trial on March 9, 2010, in Denver Municipal Case No. 09GS035934, and sentenced to 120 days of suspended jail time and two years of probation.  Application at 2.  He further asserts that his conviction and sentence were affirmed on direct appeal on March 28, 2011, his petition for certiorari review was denied on September 12, 2011, and his petition for rehearing was denied on October 6, 2011.  *Id.* at 3.  Applicant also states that he filed a postconviction motion pursuant to Rule 235 of the Colorado Municipal Court Rules of Procedure on January 4, 2012.  As a result of the postconviction motion, Applicant's probation was reduced to one year for good behavior and the sobriety testing requirement was removed.  Pre-Answer Resp., ECF No. 14-4, Ex. D at 25-26. Applicant further states he appealed the county court's decision regarding his postconviction motion on February 21, 2012, and the appeal is pending.  Application at 4.  Applicant asserts ten claims in this action, including:

> (1) Failure to prove charges beyond a reasonable doubt;
>
> (2) Alleged misconduct did not meet the definition of the charged offense;
>
> (3) Improper assignment to a sex offender treatment facility;
>
> (4) Right of appeal abridged;

(5) Sentence fully served;

(6) Improper rescinding of stay by county court;

(7) Section 14-61 of Denver Municipal Code is unconstitutional;

(8) Section 1-13 of the Denver Municipal Code is unconstitutional;

(9) Jail sentence is excessive and discriminatory; and

(10) No probable cause for summons and complaint.

*Id.* at 7-13.

As a preliminary matter, Respondent Estrada argued that Applicant may not challenge his municipal conviction because he no longer is in custody and was not in custody when he filed the § 2254 Application.  The Court has found that Applicant was in custody at the time he filed the Application. *See* ECF No. 16 at 5.  Applicant argued, however, that due to the collateral consequences of the state sex offender statutes the Court should consider the Application.  The Court then directed Respondent Estrada to brief whether Applicant's alleged collateral consequences are adequate to meet the Article III injury-in-fact requirement.  Respondent Estrada filed a brief and conceded that presumptive collateral consequences are sufficient to maintain this petition although Applicant's sentence expired in his conviction in Denver Municipal Case No. 09GS035934.  Nonetheless, Respondent Estrada argues that Applicant has failed to exhaust available state remedies with respect to all ten claims.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). **A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted**. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Respondent Estrada asserts that Claims One, Two, Three, Five, Six, Nine, and Ten are not exhausted because Applicant failed to raise any federal or United States

4

Constitutional issues regarding these claims in his direct appeal.  Pre-Answer Resp.,

ECF No. 14, at 7.  Respondent Estrada contends that all of the appellate claims were

based on state and city laws and any federal constitutional claim now is procedurally

defaulted and barred from federal habeas review.  *Id.* at 9-10.  Respondent Estrada

further contend that Claims Four, Seven, and Eight are not exhausted because

Applicant has a Rule 235 petition pending in state court.  *Id.*

The Court has reviewed Applicant's opening brief on appeal in his direct appeal.

Applicant presents his claims as follows: (1) he was denied a fair trial because the court

did not require the prosecution to prove its case; (2) his sentence was grossly excessive

for the act he committed because the two years of sex offender treatment is not a

penalty sanctioned under state law for public indecency and the breathalyser testing

was inappropriate without a finding of alcohol abuse; and (3) the trial judge showed an

appalling disregard for the law in the verdict and sentence he imposed.  The Denver

District Court identified Applicant's claims on appeal as (1) insufficient evidence to

support the conviction; (2) trial court error in believing the testimony of the prosecution's

witness over Applicant; and (3) an illegal sentence because the sentence was grossly

excessive and the conditions of the probation were not warranted.

"It is settled that habeas petitioners may challenge the sufficiency of the evidence

in federal habeas corpus proceedings."  *Spears v. Mullin*, 343 F.3d 1215, 1237-38 (10th

Cir. 2003) (citing *Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003); *see also*

*Jackson v. Virginia*, 443 U.S. 307, 322 (1979) ("A challenge to a state conviction

brought on the ground that the evidence cannot fairly be deemed sufficient to have established guilt beyond a reasonable doubt states a federal constitutional claim.") "State courts need not refer to, or even be aware of, controlling Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.' " *Matthews v. Workman*, 577 F.3d 1175, 1183 n. 2 (10th Cir. 2009) (quoting *Early v. Packer,* 537 U.S. 3, 8 (2002)); *see also Harris v. Poppell,* 411 F.3d 1189, 1195-96 (10th Cir.2005). In assessing Applicant's sufficiency of the evidence claim, the Denver District Court stated that it "must determine, after viewing both direct and circumstantial evidence in the light most favorable to the prosecution, whether the evidence was sufficient both in quantity and quality to prove the charges beyond a reasonable doubt." Pre-Answer Resp., Ex. A, ECF 14-1, at 3. This Court, therefore, finds that Claim One has been exhausted.

The only other claims besides Claim One that possibly were addressed by the Denver District Court in Applicant's direct appeal are Claims Two, Three, and Nine. None of these claims, however, were presented to the state court as a federal violation.

In response to Respondent Estrada's argument that Applicant's claims are procedurally barred, Applicant asserts that any failure to raise his federal or constitutional rights on direct appeal was a result of the denial of his right to court-appointed counsel on appeal. *See* Reply, ECF No. 20, at 3. Nonetheless, the right to court-appointed counsel must have been "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."

6

*Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *see also Gonzales v. Hartley*, 396 F. App'x 506, 508-09 (10th Cir. 2010) (must present independent claim of ineffective assistance of counsel to state court before establishing cause for procedural default).

Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995). The Court finds that because only Claim One is exhausted and possibly Applicant could raise at least a portion of the remaining claims in his pending Rule 235 petition, this action is a mixed petition and subject to dismissal.

In order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted. If an applicant wishes to pursue all of his claims in federal court the habeas action will be dismissed without prejudice so that the applicant may exhaust state remedies. He then may file a new application for a writ of habeas corpus.

A decision to dismiss unexhausted claims and pursue immediately only exhausted claims likely will bar an applicant from seeking review of the unexhausted claims in a second or successive application. *See* 28 U.S.C. § 2244(b). Alternatively, if an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period

in § 2244(d) will be applied to any new federal court action the applicant seeks to file. Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").

The fact that the instant action currently is timely under § 2244(d) does not mean that any future action filed by applicant also will be timely. The United States Supreme Court has found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Applicant must establish "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. The Court also must determine that the unexhausted claims are potentially meritorious.

Nonetheless, Applicant is subject to other exceptional circumstances that would justify holding this action in abeyance pending the completion of his state court proceedings. A dismissal of this action without prejudice could preclude Applicant from obtaining habeas relief. At least two circuits have suggested that a habeas action

should be held in abeyance pending the complete exhaustion of state court proceedings if the dismissal of an application would jeopardize the applicant's ability to satisfy an "in custody" requirement due to the expiration of a sentence.  *See Lee v. Stickman*, 357 F.3d 338, 343 n.5 (3rd Cir. 2004); *Gherity v. Swenson*, 173 F. App'x 532 (8th Cir. 2006). Also, Applicant's claims do not appear, at least in part, to be plainly meritless, and Applicant does not appear to have engaged in "intentionally dilatory tactics." *Rhines*, 544 U.S. at 278.

The Court, therefore, will direct Applicant to respond and inform the Court if he would rather proceed with the one exhausted claim identified by the Court or in the alternative request to stay the action so he can fully exhaust state court remedies. Accordingly, it is

ORDERED that Applicant file a response in keeping with this Order within thirty days of the date of the Order.  It is

FURTHER ORDERED that if Applicant fails to respond within the time allowed the Court will proceed with the only exhausted claim in this action.

Dated August 9, 2013, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge