IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02659-LTB

JAMES M. ROBINSON,

    Applicant,

v.

VALERIE ESTRADA,

    Respondent.

## ORDER

The matter before the Court is Applicant's Reply to Order to Show Cause, ECF No. 29, filed on August 31, 2015. The Court must construe the Reply liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On July 27, 2015, the Court directed Applicant to respond and show cause within thirty days why the Court should not dismiss this action for failure to comply with the Court's September 16, 2013 Order. Applicant was directed in the September 16 Order that if he desired to continue with this case after completion of the state court appellate process, he must request that the stay be lifted within thirty days of the completion of the appeal process.

Applicant failed to comply with the September 16 Order within thirty days after the Colorado Supreme Court denied certiorari review in his postconviction proceeding on July 28, 2014. Applicant also failed to comply with the Court's July 27, 2015 Order to Show Cause within the time allowed. Applicant's Reply to the Order to Show was due

on August 26, 2015. The reply was dated and signed on August 29, 2015, and filed until August 31, 2015. Applicant fails to state any reason for not timely responding to the Court's July 27, 2015 Order.

When Applicant did not respond to the July 27 Order within the time allowed, the Court denied Applicant's Motion to Reinstate, ECF No. 25, on August 28, 2015. Even if the Court were to consider Applicant's untimely Reply, the Court finds no basis for granting the Motion to Reinstate and for not dismissing this action.

Applicant states that "[u]nder Rules 6(b) and 60(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act or relieve a party of its obligation where the omission is the result of excusable neglect." ECF No. 29 at 1. Applicant does not state, but it appears he is referring to Rules 6(b) and 60(b) of the Federal Rules of Civil Procedure.

First, Applicant appears to argue that an extension of over ten months to comply with the September 16, 2013 Order is provided for under Rule 6(b). "Rule 6(b) is a rule of general application giving wide discretion to the court to enlarge [ ] time limits or revive them after they have expired." Fed. R. Civ. P. 6 advisory committee's notes to 1946 Amendment Subdivision (b) (page 76). "[A] finding of excusable neglect under Rule 6(b)[ (1)(B) ] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974). Rule 6(b)(1)(B)'s "excusable neglect" standard requires an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services Co. v. Brunswick Associates Limited*

2

*Partnership*, 507 U.S. 380, 395 (1993).  However, "[i]t is not enough for excusable neglect that the plaintiff appears *pro se* and has otherwise not been dilatory."  *Pflum v. United States*, 2002 WL 1334857, *1 (D. Kan. 2002).

Applicant contends that he was completely surprised that the Court had instructed him to file a request to lift the stay within thirty days after he had exhausted state court remedies.  The Court order that stayed this action so Applicant could complete the exhaustion of his state court remedies also instructed Applicant that he had thirty days after he had exhausted his state court remedies to request a lift of the stay.  Order Administratively Closing the Case, ECF No. 23 at 3.  The display receipt for ECF No. 23 indicates the order was sent to Applicant at the address that was provided to the Court and current on September 16, 2013.  The envelope in which the September 16 Order was mailed to Applicant was not returned to the Court.

Because Applicant knew that the case had been stayed and he was required to request a lift of the stay to proceed, and because the Court Docket in this case shows that the September 16 Order was sent to Applicant and not returned to the Court as undeliverable, Applicant's claim of surprise is not well-founded and does not serve as a basis for this Court to find excusable neglect as Applicant suggests.  Furthermore, it is unreasonable that Applicant waited almost a year after completing the exhaustion of his state court remedies to request that the stay be lifted.  Applicant's other arguments in the Reply do not address why he was not able to comply with the Court's September 16, 2013 Order within the time allowed.

The Court, therefore, finds that Applicant fails to demonstrate excusable neglect for the purpose of Rule 6(b).  As a result, the Court finds no basis for granting an

extension of time to request a lift of the stay entered in this case on September 16, 2013.

As for Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" for various reasons. Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Applicant, however, does not state what specific reason enumerated under Rule 60(b) is the basis for his argument. It appears that because he is claiming "surprise, or excusable neglect," he intends to challenge the September 16, 2013 Order based on Rule 60(b)(1).

For the same reasons why the Court found Applicant has failed to demonstrate excusable neglect under Rule 6(b), the Court also finds that Applicant fails to demonstrate some extraordinary circumstance for reconsidering the September 16, 2013 Order under Rule 60(b). To the extent Applicant appears to argue reconsideration of the September 16 Order based on the merits of his claims and the one-year time period to file a 28 U.S.C. § 2254 action in this Court (assumably pursuant to 28 U.S.C. § 2244(d)), the arguments are nonresponsive. The Court did not dismiss this action on the merits or as untimely. These arguments do not address the reason why the Court should disregard Applicant's failure to prosecute in this case.

Applicant, therefore, has failed to demonstrate some extraordinary circumstance as required under Rule 60(b) for waiving the thirty-day time period set forth in the September 16, 2013 Order. Accordingly, it is

ORDERED that Applicant's untimely Reply to the Court's Order to Show Cause, ECF No. 29, fails to demonstrate a basis for reconsideration by the Court of the denial

of Applicant's Motion to Reinstate Habeas Corpus Proceeding, ECF No. 25, or of the dismissal of this action.

DATED at Denver, Colorado, this  9th  day of   September  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court