IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02659-LTB

JAMES M. ROBINSON,

     Applicant,

v.

VALERIE ESTRADA,

     Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant James M. Robinson filed *pro se*, on September 3, 2015, a Motion for Relief From Judgment, ECF No. 30.   In the Motion, Applicant asserts that the Court's entry of judgment in this case was premature because his Reply, ECF No. 29, to the Court's July 27, 2015 Order to Show Cause was timely filed pursuant to Rule 6(d). Applicant asks for relief from dismissal of this case and the entry of judgment pursuant to Rule 60(b)(1).

On July 27, 2015, the Court directed Applicant to respond and show cause why the Motion to Reinstate, ECF No. 25, should not be denied because he had failed to comply with the Court's September 16, 2013 Order within the time allowed.   The Court instructed Applicant to respond to the July 27 Order within thirty days.   After Applicant had failed to comply with the July 27 Order by August 28, 2015, the Court denied the Motion to Reinstate, dismissed the case, and entered judgment.   Then, on August 29, 2015, three days after a response was due, Applicant dated and signed a Reply to the July 27 Order

1

to Show Cause that was filed with the Court on August 31, 2015.

Because the Court addressed Applicant's August 31 response to the July 27 Order in the September 9, 2015 Order, the Court finds no reason to consider Applicant's Rule 6(d) argument.   Furthermore, Applicant's request, that the Court reconsider the August 28, 2015 Order and Judgment, will be denied for the following reasons.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."   *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   A motion to alter or amend the judgment filed within twenty-eight days after the judgment is entered is considered pursuant to Rule 59(e).   The Motion for Relief, therefore, will be construed as filed pursuant to Rule 59(e) because it was filed well within twenty-eight days after the dismissal and judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."   *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).   Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."   *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

For the same reasons stated in the Court's September 9, 2015 Order, Applicant fails to demonstrate some reason why the Court should reconsider and vacate the denial

2

of the Motion to Reinstate, dismissal of the action, and entry of judgment in this action.

Accordingly, it is

ORDERED that Applicant's Motion for Relief From Judgment, ECF No. 30, is

construed as filed pursuant to Fed. R. Civ. P. 59(e) and is DENIED.

DATED at Denver, Colorado, this __2nd__ day of ___October_____, 2015.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court